UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 JUL 21 PM 3:41
U.S. DIST...
N.D. OF A...

ENTERED
JUL 21 2004

| | |
|---|---|
| Kenneth W. Bolton, | ] |
| Plaintiff, | ] |
| vs. | ] CV-04-CO-752-S |
| McWane Cast Iron & Pipe Co., | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

Plaintiff filed suit against McWane Cast Iron & Pipe Company ("McWane") in the Circuit Court of Chilton County, Alabama, on November 5, 2002. McWane was served with the complaint on December 13, 2002. In his complaint, Plaintiff asserted state law causes of action for workmen's compensation benefits (Count One) and negligence (Count Two).

The case was transferred to the Circuit Court of Jefferson County, Alabama, on March 6, 2003, and the complaint was amended on April 9, 2003, restating the same causes of action. On April 6, 2004, Count One of

12

the amended complaint was dismissed "[p]ursuant to Plaintiff's counsel's acknowledgment that under the particular facts of this case his client is not entitled to any benefits under Alabama's Workers' Compensation Act." (Order of Dismissal). McWane removed the action to this court on April 13, 2004, asserting jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 185 (Labor Management Relations Act ("LMRA")). (Notice of Removal ¶ 4.) Plaintiff filed a Motion to Remand on March 8, 2004. (Doc. # 7.) In his Motion to Remand, Plaintiff argues that the court should remand the case because it was not timely removed and because the court lacks subject-matter jurisdiction.

Upon due consideration, and for the reasons that follow, the court is of the opinion that the Motion to Remand is due to be denied.

II.   Facts.

Plaintiff was employed with McWane on January 15, 2001, as a maintenance employee. His employment was subject to the terms and conditions of a collective bargaining agreement ("CBA"). The CBA states in part:

> . . . the Company retains the sole right to schedule the qualified employee(s) available who has the lowest amount of overtime worked to double in order to fill the vacancy. No employee will be required to work more than twelve hours in any given twenty four hour period providing he has worked twelve (12) hours or more the day before. All work in excess of sixteen (16) consecutive hours shall be voluntary.

(CBA at 7, 8.)

Plaintiff alleges that on January 15, 2001, he was required by McWane to work a total of fourteen hours in that twenty-four hour period. Plaintiff maintains that he objected to the additional work and informed his employer that he was exhausted. (Compl. ¶¶ 7-10.) Plaintiff nevertheless worked as directed by his employer.

On the way home from work, Plaintiff drove his car off the roadway and was injured. Plaintiff contends that his injuries are due to the negligence of McWane in requiring him to work fourteen hours in a twenty-four hour period after being informed of his state of exhaustion. (Compl.)

III.   Standard for Remand.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

McWane bears the burden of establishing subject-matter jurisdiction. See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

IV.   Discussion.

McWane invokes the court's jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 185 (LMRA) as the basis for removal. Plaintiff contests the jurisdiction of the court asserting that McWane failed to remove the case within thirty days as required by 28 U.S.C. § 1446(b) and further that there is no federal question jurisdiction. The court will discuss each of Plaintiff's grounds for remand separately.

A.   Timeliness of Removal.

Plaintiff argues that McWane was required to file its notice of removal within thirty days of the service of the complaint, pursuant to 28 U.S.C. § 1446(b). This section does require removal within thirty days of the service of the complaint when such action is removable. However, that section goes on to provide that

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).

When filed, the complaint stated a cause of action for workmen's compensation benefits (Count One) and negligence (Count Two).[1] "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Thus, Count One, seeking workmen's compensation

---

[1] The court finds little, if any, difference between the complaint and the "Restatement of Complaint." Therefore, the court will address the provisions of both pleadings as if they were the same.

benefits, would not have been removable when filed. *See Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112 (5th Cir. 1998.)

Plaintiff, however, argues that McWane was free to remove the case upon its original filing because his claim for workmen's compensation benefits was "likely subject to dismissal from the beginning." (Motion to Remand ¶ 13.) This is certainly a creative argument. According to Plaintiff, McWane should have known that what he said in paragraph two of his complaint, "while working in the scope of his employment for the Defendant, [he] sustained a severe injury[,]" was false. The argument apparently goes further to conclude that McWane should have been so certain of such falsity that McWane should have immediately filed to have the Count dismissed pursuant to the authority of *Ex Parte Shelby County Health Care Auth.*, 850 So. 2d 332 (Ala. 2002). Reading *Ex Parte Shelby County*, the defect in Plaintiff's position is apparent. *Ex Parte Shelby County* dealt in part with a claim for workmen's compensation benefits resulting from the employee's automobile accident on the way home from work. The Alabama Supreme Court did opine that workmen's compensation benefits were not due the employee; however, the Court went on to

describe scenarios where an employee injured in an accident on the way home from work would be entitled to benefits.[2] Regardless, the complaint, as plead, states that the injury occurred "while working in the scope of his employment" and would not be due to be dismissed pursuant to *Ex Parte Shelby County* without considering evidence such as that submitted in an appropriately filed motion for summary judgment.

Alternatively, Plaintiff argues that McWane could have removed the entire case pursuant to 28 U.S.C. § 1441 (c) and that the court would have severed and remanded Count One.

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

---

[2]For instance, the Court described the exception as one in which an employee is injured while "engaged in some duty for his employer that is in furtherance of the employer's business." *Ex Parte Shelby County Health Care Auth.*, 850 So. 2d 332, 336 (Ala. 2002).

Section 1441(c) would permit removal only if Count Two was a "separate and independent claim or cause of action." Both claims stated by Plaintiff in his complaint are based on the same facts. Plaintiff asserts in Count One of his complaint that "while working in the scope of his employment for the Defendant, [he] sustained a severe injury." (Compl. ¶ 2.) Plaintiff re-alleges the allegations of Count One in Count Two but includes as a basis for his negligence theory that Plaintiff was made to work fourteen hours in an exhausted condition. (Compl. Ct. Two.) It is clear from the complaint that the injury allegedly suffered by Plaintiff for which he seeks compensation in both counts was the result of the automobile accident he experienced on his way home from work.

"Where both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c)." *In re City of Mobile,* 75 F.3d 605, 608 (11th Cir. 1996). Since Count One, as initially pled, was not removable and 28 U.S.C. § 1441(c) is not applicable, McWane could not have properly removed the action prior to Count One being dismissed. McWane filed its Notice of Removal within thirty days of

the dismissal of Count One. Therefore, the removal is timely.

B. Federal Question.

Federal question jurisdiction requires that the "action aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. McWane alleges that even though Plaintiff has stated only a state law cause of action in Count Two, his claim, if it exists at all, arises under the laws of the United States. (Br. Opp'n.)

The analysis of federal question jurisdiction begins with the principle that the plaintiff "is master to decide what law he will rely upon." *The Fair v. Kohler Die & Speciality Co.*, 228 U.S. 22, 25 (1913). Plaintiff can choose to rely solely on state law even if federal law provides a cause of action as well. *Campbell v. Gen. Motors Corp.*, 19 F. Supp. 2d 1260, 1271 (N.D. Ala. 1998). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even

if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393 (citing *Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust for Southern Calif.,* 463 U.S. 1,12 (1983)).

The "complete preemption doctrine" is an exception to the well-pleaded complaint rule whereby "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar,* 482 U.S. at 393 (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65 (1987)). In other words, "Congress may preempt an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction." *Engelhardt v. Paul Revere Life Ins. Co.,* 139 F.3d 1346, 1353 (11th Cir. 1998) (quoting *Kemp v. Int'l Bus. Mach. Corp.,* 109 F.3d 708, 712 (11th Cir. 1997)). McWane has correctly concluded that "under the 'complete preemption' doctrine, claims that require the interpretation of a collective bargaining agreement for their resolution are treated as arising under federal law and thus may be removed to federal

court." (Br. Opp'n. at 13.)   This proposition is also acknowledged by Plaintiff. (Mot. Remand ¶ 13.) Not all state-law claims that relate to a CBA are preempted. *See Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202 (1985). However, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Lueck,* 471 U.S. at 221.

Count Two is a claim for negligence requiring Plaintiff to demonstrate that McWane, whether through its agents or otherwise, had a duty to act in a certain way. McWane contends that the determination of the existence and parameters of that duty depends on the terms of the CBA. (Br. Opp'n. at 17). McWane insists that "Plaintiff's negligence claim is 'inextricably intertwined' with the management's rights clause and the hours worked and overtime provisions set forth in the CBA." (Br. Opp'n. at 18.)

"In *Allis-Chalmers Corp. v. Lueck*, supra, [the Supreme Court] held that a state-law tort action against an employer may be pre-empted by § 301 if the duty to the employee of which the tort is a violation is created by

a collective-bargaining agreement and without existence independent of the agreement." *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 369 (1990). However, the Supreme Court cautioned that, "[i]n extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Lueck,* 471 U.S. at 212.

The case cited to the court by Plaintiff for the proposition that workmen's compensation benefits are not due Plaintiff is helpful in this analysis. In *Ex Parte Shelby County*, the plaintiff fell asleep on her way home from work after working two double shifts separated by only eight hours. *Ex Parte Shelby County Health Care Auth.*, 850 So. 2d 332 (Ala. 2002). The plaintiff in *Ex Parte Shelby County* sought to impose tort liability by expanding Ala. Code § 25-1-1 (1975) to impose a duty upon her employer to schedule work hours for employees so "to ensure their safety traveling home from work." *Id.* at 340. The Alabama Supreme Court declined to impose that duty. *Id.* In addition, Justice Houston, concurring specially, added, "I know of no common-law cause of action for injuring oneself by

falling asleep while driving one's own vehicle that would be protected by Art. I, § 13, of the Constitution of Alabama of 1901." *Id.*

The failure of the state to independently establish a duty owed to Plaintiff by McWane, leaves, as the only source for such duty, the employer/employee relationship. That relationship is significantly controlled by the CBA.

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.

*Lueck*, 471 U.S. at 211. The CBA in this case specifically addresses overtime. It provides in part, "The Company has the right to schedule overtime work for the plant, its departments and various groups of employees." (CBA at 7.) Since there is no independent state law duty available to Plaintiff, an evaluation of his claim will by necessity involve a determination of whether this provision and other provisions of the CBA imply a duty of care in scheduling overtime so as to avoid injury to employees.

Plaintiff has failed to direct the court to any authority that demonstrates that an employee or the general public has a cause of action against the employer, independent of what might be derived from the CBA, for injuries caused by the actions of an exhausted employee driving home. State common law negligence may someday be extended to cover such a claim, especially by a member of the public. It is not reasonable, however, to expect that such liability would or could be extended to an employee's claim without it being intertwined with an interpretation of any existing CBA that on its face empowers the employer to require such employee to work overtime.

V.  Conclusion.

Defendant's Notice of Removal was timely filed. Plaintiff's negligence claim is not sufficiently independent of the CBA. The claim is inextricably intertwined with the consideration of the terms of the CBA and is, therefore, preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1978). Plaintiff's Motion to Remand is due to be denied. A separate order consistent with this memorandum will be entered herewith.

Done, this 21ˢᵗ day of July, 2004.

                                                        _____
                                                        L. SCOTT COOGLER
                                                        UNITED STATES DISTRICT JUDGE