UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH W. BOLTON, | ] |
| Plaintiff, | ] |
| vs. | ] CV-04-CO-0752-S |
| MCWANE CAST IRON & PIPE, CO., | ] |
| Defendant. | ] |

**ENTERED**
OCT 0 4 2004

MEMORANDUM OF OPINION

I. INTRODUCTION.

The court has for consideration the Motion to Dismiss [Doc. # 5] filed by McWane Cast Iron & Pipe Company ("McWane"). The court treats the motion as a Motion for Summary Judgment. McWane contends summary judgment is due to be granted because of Plaintiff's failure to exhaust his administrative remedies and because Plaintiff's claim is barred by the applicable statute of limitations.

The issues have been fully briefed and are ripe for the court's consideration. Summary judgment is due to be granted.

II.  FACTS.

The court included a narrative of facts in the Memorandum of Opinion issued on July 21, 2004. [Doc. # 12]. That statement of facts is adopted at this point rather than repeated. The facts material to the issues addressed in this Memorandum of Opinion are not is dispute.

III.  SUMMARY JUDGMENT STANDARD.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.

*Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV. DISCUSSION.

McWane contends in its brief in support of its motion that Plaintiff's claim is barred because Plaintiff failed to file a grievance as required by the Collective Bargaining Agreement ("CBA") governing his employment with McWane. [Doc. # 18]. In addition, McWane asserts that Plaintiff's claim is

further barred because of the six month statute of limitations included in § 10(b) of the National Labor Relations Act (the "NLRA").  29 U.S.C. § 160(b).

In response, Plaintiff does not contest his failure to comply with the grievance procedures of the CBA or his failure to meet the six month statute of limitations but instead maintains that his claim is not preempted by § 301 of the Labor Management Relations Act (the "LMRA").  Plaintiff, in effect, argues for the court to reconsider its opinion on Plaintiff's Motion to Remand.  If the court concludes, as proffered by Plaintiff, that his claim is not preempted, then the court has no jurisdiction to entertain the Motion to Dismiss treated as a Motion for Summary Judgment or otherwise and the court would be required to remand the case to state court.

The court is satisfied with its previous opinion.  For the reasons stated in the Memorandum of Opinion denying the Motion to Remand, Plaintiff's claim is preempted.  The court will not repeat its previous discussion of the preemption issue.

It is undisputed that Plaintiff failed to comply with the mandatory grievance procedures and failed to prosecute his rights within the applicable

statute of limitations. *See Bartholomew v. AGL Resources, Inc.*, 361 F. 3d 1333, 1342 (11th Cir. 2004). Summary judgment is thus due to be granted.

V.   CONCLUSION.

McWane's motion for summary judgment will be granted. A separate order in conformity with this opinion will be entered.

Done, this 4th of October, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE